[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 9, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11816
Non-Argument Calendar

_____

D. C. Docket No. 07-00186-CR-2-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICTAVIUS MALCOLM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 9, 2008)**

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Rictavius Malcolm appeals the district court's denial of his motion to dismiss the indictment on double jeopardy grounds, filed after the district court declared a mistrial on the grounds of a hung jury.  For the reasons set forth below, we affirm.

**I.**

Malcolm's trial on armed bank robbery and firearm possession charges, 18 U.S.C. §§ 924(c) and 2113(a) and (d) began on February 27, 2008, at 9:30 a.m. The presentation of evidence and arguments ended on February 28, 2008, at approximately 4:15 p.m.  The jury began its deliberations at that time.  The district court discharged the jury for the evening at 5:05 p.m.

The jury resumed its deliberations on February 29, 2008, at 9:30 a.m. Shortly thereafter, the jury requested clarification of the law of aiding and abetting, which the district court provided with the permission of both parties, and requested the district court to reread certain trial testimony, which the district court refused to do after discussing the matter with both parties.  The district court recessed for lunch from 12:25 p.m. to approximately 1:30 p.m.

At approximately 2:50 p.m., the jury informed the district court that it was "hung."  The district court informed the parties that it could either (1) declare a mistrial or (2) give the jury an instruction pursuant to Allen v. United States, 164

U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896) and allow it to deliberate further. Both the government and Malcolm indicated that they preferred the district court to instruct the jury to deliberate further, but not to give an Allen charge. Accordingly, the district court instructed the jury to resume deliberating and make a "final, good faith attempt" to reach a unanimous verdict.

At approximately 3:57 p.m., the jury informed the district court that it was "not unanimous and [did] not see any chance" of reaching a unanimous verdict. The government requested an Allen charge. Malcolm indicated that it did not prefer an Allen charge, but preferred this option over declaration of mistrial. The district court asked the jury foreman, "Do you believe that the opportunity to deliberate further would have any reasonable prospect of resulting in a unanimous verdict by the jury?" The jury foreman asked the district court if the jury could have an additional piece of evidence that was not presented at the trial. The district court responded that this was not possible. The jury foreman stated, "then I don't see [a possibility of reaching a unanimous verdict.]" Accordingly, over the parties' objections, the district court opted not to give an Allen charge and declared a mistrial.

Malcolm filed a motion to dismiss the indictment, arguing that, because manifest necessity did not support the district court's declaration of mistrial, retrial

on the same charges would violate the Double Jeopardy clause. The government responded that manifest necessity supported the declaration of mistrial. The district court denied the motion, reasoning that the jury was "genuinely deadlocked" and that retrial after a hung jury did not violate the Double Jeopardy clause.

## II.

We review the district court's denial of a motion to dismiss the indictment on double jeopardy grounds for an abuse of discretion. United States v. Chica, 14 F.3d 1527, 1530 (11th Cir. 1994). The Double Jeopardy clause of the Fifth Amendment provides that "[n]o person shall ... be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. Under this clause, after a jury is empaneled and sworn, the defendant has a right, subject to limited exceptions, to have his case decided by that particular jury. See Chica, 14 F.3d at 1530. Such an exception exists when "there [was] a manifest necessity for the [mistrial]." Id. at 1531.

Whether manifest necessity existed is "a fact-intensive inquiry" not "susceptible to a mechanical formulation." Id. We have held, however, that, in reviewing the district court's denial, we will consider (1) the length of the trial, (2) the complexity of the issues involved, (3) the length of deliberations, and

4

(4) the district court's communications with the jurors. United States v. Gordy, 526 F.2d 631, 635-36 (5th Cir. 1976). We also have held that "a statement from the jury that it is hopelessly deadlocked is a crucial factor," but have recognized that "a present inability to agree is not determinative of the question of whether future deliberations might prove helpful. Id. We further have held that we will consider whether the district court considered the alternatives to declaring mistrial, but have recognized that "the mere existence of alternatives does not mean that the granting of a mistrial precludes retrial of the defendant where reasonable judges could differ about the proper disposition." Grandberry v. Bonner, 653 F.2d 1010, 1014 (5th Cir. 1981). In summary, we will uphold the district court's decision "where the record, considered as a whole, indicates that the trial judge in deciding to declare a mistrial, carefully considered the alternatives and did not act in an abrupt, erratic or precipitate manner." Id.

### III.

The district court did not abuse its discretion in denying Malcolm's motion to dismiss the indictment on double jeopardy grounds. See Chica, 14 F.3d at 1530. The record demonstrates that manifest necessity supported the district court's declaration of mistrial on the grounds of a hung jury. See id. at 1531. It is true that the jury deliberated for only approximately five hours total. See Gordy, 526

5

F.2d at 635-36.  It also is true that the district court refused to give an <u>Allen</u> charge.

However, the jury informed the district court twice that it was hung, and the district

court instructed the jury on the first occasion to deliberate further before giving up.

Indeed, the district court instructed the jury to make a "good faith effort" to reach a

unanimous verdict.  After the jury had deliberated for another hour, the district

court specifically asked the jury foreman whether further deliberation would help

the jury reach a unanimous verdict, and the jury foreman indicated that it was

impossible unless the jury could hear another piece of evidence that apparently had

not been admitted.

The district court's communications with the jury demonstrate that, although

it did not give an <u>Allen</u> charge, the district court instructed the jury to try again,

which is an important factor.  Although an <u>Allen</u> charge, or a second instruction to

deliberate further, were alternatives, we have held that the availability of

alternatives is not dispositive of the issue, and we note that instructing the jury to

deliberate further always remains an available, though not necessarily viable,

alternative to declaring a mistrial.  <u>See</u> <u>Grandberry</u>, 653 F.2d at 1014.  The

communications also demonstrate that, while a jury's indication that it is hung

usually is not dispositive of whether further deliberations will help, this jury

specifically indicated that further deliberations would not help.  <u>See</u> <u>Gordy</u>, 526

6

F.2d at 635-36.  It is notable that Malcolm has not challenged his or the government's failure to introduce the piece of evidence requested by the jury.

In sum, the record demonstrates that the district court did not  act in an "abrupt, erratic or precipitate manner."  See Grandberry,  653 F.2d at 1014. Rather, the district court gave instructions and asked questions designed to ensure that the jury was, in fact, hung.  It appears that the district court's conclusion that the jury was hung was accurate.  Moreover, the district court gave no indication that it was declaring a mistrial for some reason other than a belief that the jury actually was hung.  Therefore, the district court did not abuse its discretion, and retrial on the charges in the indictment will not violate Malcolm's rights under the Double Jeopardy clause.  See Chica, 14 F.3d at 1530-31.  Accordingly, we affirm.

**AFFIRMED.**